IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN I.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-1901-DWD |
| | ) |
| MARTIN O'MALLEY | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff, who was awarded past-due Social Security disability benefits, moves the Court to approve counsel's request for attorney fees under 42 U.S.C. § 406(b). (Doc. 27). The motion indicates that the Commissioner, by email, informed counsel that he neither supports nor opposes the request for attorney fees. (*Id.*). For the following reasons, the Court grants Plaintiff's Motion and awards Plaintiff's attorney, David B. Goetz, $22,857.92 (or 25% of Plaintiff's past-due benefits, whichever is less).[2]

## BACKGROUND

In August 2022, Plaintiff's counsel filed this action seeking review of the Commissioner's denial of Plaintiff's application for Social Security disability benefits. (Doc. 1). Plaintiff and counsel entered a contingency contract providing that counsel

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] The Court previously approved an EAJA fee for counsel in the amount of $4,300.00. (Doc. 25). Normally, the Court would direct counsel to return the EAJA fee to Plaintiff. However, due to an offset by the U.S. Treasury because of an outstanding debt of at least $4,300 owed by the Plaintiff, the EAJA fee received by counsel resulted in zero dollars. (Doc. 27 and 27-4).

would receive attorney fees of 25 percent of all past-due benefits awarded to Plaintiff and any beneficiaries by the Administration. (Doc. 27-1). The agreement also assigned to counsel any attorney fees awarded pursuant to the EAJA. (*Id.*).

On January 18, 2023, the District Court entered an Order remanding Plaintiff's case to the Commissioner of Social Security for further proceedings. (Doc. 23). Following remand, Plaintiff was awarded past-due Social Security Disability Insurance benefits in the amount of $91,431.70. (Doc. 27-2, p. 3). Counsel seeks $22,857.92 (25% of Plaintiff's past-due award).[3]

## LEGAL STANDARD

The Seventh Circuit Court of Appeals recently summarized the key statutory provisions that govern the award of fees to those who successfully represent Social

---

[3] The Social Security Administration (SSA) issued a Notice of Award. The Notice of Award indicates that the Commissioner withheld only $7,200.00 for attorney fees. (Doc. 27-2, p. 3). The Notice of Award further states: We have approved the fee agreement between you and your representative and [u]nder the fee agreement, the representative cannot charge you more than $7,200.00 for his or her work. (*Id*). The Notice of Award does not indicate why the Commissioner withheld less than 25% of all past-due benefits awarded to Plaintiff or why the Commissioner indicated that counsel could not recover more than $7,200.00 for his work. Accordingly, the Court directed Plaintiff's counsel to supplement his motion, clarifying what impact these statements have on his fee request. (Doc. 28). Counsel filed a supplemental pleading on August 26, 2024, explaining as follows:

> Upon review of the language in SSA's letter, supra, and after conferring with counsel for the Commissioner, it has been determined by counsel for the Commissioner that the SSA's reference to $7,200.00 was with respect to administrative fees under 42 U.S.C. § 406(a), and not with respect to federal court work performed under 42 U.S.C. § 406(b).
>
> In short, based on email correspondence from counsel for the Commissioner, the Agency has no concerns with the request for attorney's fees made by Plaintiff's counsel in his Motion for Attorney's Fees under section 406(b)[.]

(Doc. 29). The Court therefore concludes that the language in the Notice of Award does not impact counsel's request for attorney fees pursuant to § 406(b).

Security claimants in administrative and court proceedings. *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020).

First, 42 U.S.C. § 406(a) authorizes the SSA to award a reasonable fee to attorneys who successfully represent claimants in administrative proceedings before the Commissioner. *Id.*

Second, 42 U.S.C. § 406(b)(1) allows a federal district court to award a reasonable fee to an attorney who successfully represents a claimant in federal court, not to exceed 25 percent of the total past-due benefits to which the claimant is entitled. *Id.* The 25 percent cap mandated in § 406(b)(1) applies only to representation provided before the federal district court and does not include any fees awarded by the SSA under § 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Thus, an attorney may ultimately be awarded more than 25 percent of the past-due benefits when the awards under §§ 406(a) and (b)(1) are combined. *Id.*; *O'Donnell*, 983 F.3d at 952.

Finally, the EAJA provides that "a court may award reasonable fees and expenses of attorneys" to parties who prevail "in any civil action brought by or against the United States or any agency" thereof. 28 U.S.C. § 2412(b). Congress amended the EAJA in 1985 to clarify that if a claimant's attorney receives fees for the same work in federal court under both § 406(b)(1) and the EAJA, the attorney must refund to the claimant the amount of the smaller fee.[4] *Id.*

---

[4] This is because 42 U.S.C. § 406(b)(2) makes it a misdemeanor for an attorney to charge, demand, receive, or collect a fee for court representation in excess of the 25 percent of past-due benefits permitted under § 406(b)(1). *Id.* This led to attorneys fearing they were committing a misdemeanor under § 406(b)(2) by

3

Ultimately, the attorney bears the burden of proving the fees requested are reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002). Where the parties have a contingent fee agreement, § 406(b) controls, but does not displace the agreement as the primary means by which fees are set for successfully representing the claimant in federal court. *Id.* at 807. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. *Id.* A reduction may be appropriate where an attorney provided substandard representation, where the attorney is responsible for a delay and would profit from the accumulation of benefits during the pendency of the court case, or where the amount requested would be a windfall to the attorney in light of the time and effort expended. *Id.* at 808.

## DISCUSSION

Having reviewed the circumstances presented here, including the time and effort expended by counsel,[5] the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that **$22,857.92** is a reasonable fee.

The Court notes that the Commissioner does not oppose the motion. While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the

---

collecting EAJA fees and court fees under § 406(b)(1). *Id.* As previously noted, due to an offset by the U.S. Treasury because of an outstanding debt, counsel received attorney's fees under the EAJA in the amount of $0. (Doc. 27, p. 2).
[5] Counsel indicates that he spent 21.4 hours representing this case before the Federal District Court. (Docs. 27 and 27-3).

fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Motion for Attorney Fees under 406(b) of the Act (Doc. 27) is **GRANTED**. The Court awards Plaintiff's counsel, David B. Goetz, a fee of **$22,857.92** (twenty-two thousand, eight hundred fifty-seven dollars and ninety-two cents).

**SO ORDERED.**

Dated: September 9, 2024

DAVID W. DUGAN
United States District Judge

5